# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLYTHE TOWNSHIP and FKV, LLC,<br>    Plaintiffs | 3:13cv237 |
| | (Judge Munley) |
| v. | |
| JAMES LARISH, MICHAEL PETROZINO, TOM BRENNAN, JOHN BURKE, VALERIA DAVIS, WILLIAM DEMPSEY and JOHN HOUSEKNECHT,<br>    Defendants/<br>    Third-Party Plaintiffs | |
| v. | |
| JOHN DOE, UNKNOWN REPRESENTATIVES OR OFFICIALS OF THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF ENVIRONMENTAL PROTECTION,<br>    Third-Party Defendants | |

## MEMORANDUM

Before the court is the third-party defendants' motion to dismiss the third-party complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The issues have been fully briefed and the matter is ripe for disposition.

**Background**

The instant civil rights action arose from Plaintiff Blythe Township and FKV, LLC's (collectively "plaintiffs") attempt to open and operate the Blythe

Township Recycling and Demolition Site (hereinafter "BRADS"). (Doc. 1, Compl. (hereinafter "Compl.") ¶ 12; Doc. 14, Am. Third-Party Compl. (hereinafter "Am. Third-Party Compl.") ¶ 8). Plaintiffs allege that Defendants James Larish, Michael Petrozino, Tom Brennan, John Burke, Valeria Davis, William Dempsey and John Houseknecht's (collectively "Council Defendants"), individually and as members of the St. Clair Borough Council, violated plaintiffs' due process rights in contravention of the Fourteenth Amendment and interfered with their ability to contract.[1] (Compl. ¶¶ 78-477; Am. Third-Party Compl. ¶ 12).

The Council Defendants answered the complaint on March 4, 2013 (Doc. 5) and filed a third-party complaint against John Does, unknown representatives or officials of the Commonwealth of Pennsylvania, Department of Environmental Protection (hereinafter "Commonwealth Defendants") on March 18, 2013 (Doc. 7). Subsequent to being served with the third-party complaint, the Commonwealth Defendants filed a motion to dismiss. (Doc. 12). In response, the Council Defendants filed an amended

---

[1] The court is uncertain whether plaintiffs' complaint asserts both substantive and procedural due process claims or only a substantive or procedural due process claim. (See Compl. ¶¶ 79, 89, 92, 113, 123, 126, 130, 140, 143, 147, 157, 160, 164, 174, 177, 181, 191, 194, 198, 208, 211, 215, 225, 228, 232, 242, 245, 249, 259, 262, 266, 276, 279, 283, 293, 296, 300, 310, 313, 317, 327, 330, 334, 344, 347).

2

third-party complaint alleging that the Commonwealth Defendants, in their individual capacity, conspired with the Council Defendants to violate plaintiffs' constitutional rights.  (Am. Third-Party Compl. ¶¶ 2, 9-19).

Specifically, the Commonwealth Defendants initially approved plaintiffs' environmental assessment permit.  (Compl. ¶ 42; Am. Third-Party Compl. ¶¶ 11, 15).  The Commonwealth Defendants, however, never informed plaintiffs of their approval.  (Compl. ¶ 42; Am. Third-Party Compl. ¶¶ 11, 15).  Rather, the Council Defendants held secret meetings with a federally elected official to reverse the Commonwealth Defendants' initial decision approving plaintiffs' environmental assessment permit.  (Compl. ¶¶ 41-45; Am. Third-Party Compl. ¶¶ 9-10, 15-16).  Moreover, the Council Defendants and Commonwealth Defendants conspired to create a hostile meeting location for public comments pertaining to plaintiffs' environmental assessment permit.  (Compl. ¶¶ 32-40; Am. Third-Party Compl. ¶¶ 13-14).  As a result of these actions, the Commonwealth Defendants reversed their initial approval of plaintiffs' environmental assessment permit for BRADS, which required plaintiffs to appeal to the Commonwealth of Pennsylvania Environmental Hearing Board.  (Compl. ¶¶ 45, 48; Am. Third-Party Compl. ¶ 18).

The Council Defendants' third-party complaint contains one count alleging that the Council Defendants and Commonwealth Defendants

conspired, under state law, to deprive plaintiffs of their constitutional rights. After the Council Defendants served this amended third-party complaint, the Commonwealth Defendants filed the instant motion to dismiss. The parties then briefed the issues bringing the case to its present posture.

**Jurisdiction**

Plaintiffs' original civil rights complaint invokes the court's federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief). The court has supplemental jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Standard of Review**

The third-party defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the

sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

The Commonwealth Defendants present the court with two issues. First, they contend that the Council Defendants' state law civil conspiracy claim should be dismissed. Second, the Commonwealth Defendants argue that the doctrine of sovereign immunity bars this claim. The Council Defendants state that they have pled an actionable state law civil conspiracy claim and that sovereign immunity does not preclude liability. The court addresses these issues *in seriatim*.

**A. State law conspiracy**

The Commonwealth Defendants argue that the Council Defendants' state law civil conspiracy claim fails to state a claim upon which relief can be granted. Under Pennsylvania law, a civil conspiracy claim consists of three elements: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008) (citations omitted). Additionally, proof of malice, or an intent to injure, is also an essential part of a cause of action for conspiracy. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979) (citations mitted). "Bare conclusory allegations of 'conspiracy' or 'concerted action' will

not suffice to allege a conspiracy. The plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Flanagan v. Shively, 783 F. Supp. 922, 928 (M.D. Pa. 1992).

In the instant case, the allegations suggest an agreement between the Council Defendants and the Commonwealth Defendants to deprive plaintiffs of their property rights without due process of law. Specifically, the Commonwealth Defendants initially approved plaintiffs' environmental assessment permit. (Compl. ¶ 42; Am. Third-Party Compl. ¶¶ 11, 15). The Commonwealth Defendants, however, never informed plaintiffs of their approval. (Compl. ¶ 42; Am. Third-Party Compl. ¶¶ 11, 15). Rather, the Council Defendants held secret meetings with a federally elected official, which caused the Commonwealth Defendants to reverse their initial decision approving plaintiffs' environmental assessment permit. (Compl. ¶¶ 41-45; Am. Third-Party Compl. ¶¶ 9-10, 15-16). Moreover, the Council Defendants and Commonwealth Defendants conspired to create a hostile meeting location for public comments pertaining to plaintiffs' environmental assessment permit. (Compl. ¶¶ 32-40; Am. Third-Party Compl. ¶¶ 13-14).

The Commonwealth Defendants argue the Council Defendants' "averments fall well short of making the required allegations necessary to

7

state a claim under Pennsylvania Law." (Doc. 17, Third-Party Def.'s Br. in Supp. Mot. to Dismiss at 12 n.7). Specifically, the Council Defendants failed to plead with particularity the circumstances of the alleged wrongdoing to place the Commonwealth Defendants on notice of the precise misconduct with which they are charged. In support of their position, the Commonwealth Defendants rely upon Loftus v. Southeastern Pennsylvania Transportation Authority where a district court found that in order to plead a **Section 1983 conspiracy** against a defendant, a plaintiff's allegations must address "the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose . . . ." 843 F. Supp. 981, 986 (E.D. Pa. 1994) (internal citations omitted).

The instant case is distinguishable. Here, the Council Defendants assert a **state law conspiracy** claim against the Commonwealth Defendants. According to Pennsylvania law, "[i]t is not necessary . . . that the [plaintiff] aver specifically the time, place or date for a conspiratorial meeting or the precise date on which the conspiracy was entered" when the plaintiff has alleged "'facts that, if proved, will support an inference of the combination and its intent.'" Smith v. Wagner, 588 A.2d 1308, 1312 (Pa. Super. Ct. 1991) (quoting Baker v. Rangos, 324 A.2d 498, 506 (Pa. Super. Ct. 1974)).

In short, viewing the Council Defendants' allegations as true, the third-

8

party complaint properly asserts a state law civil conspiracy claim.  The allegations establish that the Council Defendants and Commonwealth Defendants acted with a common purpose to deprive plaintiffs of their due process rights in contravention of the Fourteenth Amendment.  Further, it would appear that the third-party complaint alleges acts in furtherance of the conspiracy, i.e., holding secret meetings to reverse the Commonwealth Defendants' initial approval of plaintiffs' environmental assessment permit and scheduling public comment meetings at a hostile venue.  Finally, the conspiracy's purported violation of plaintiffs' constitutional rights caused actual legal harm to the plaintiffs.  Thus, the Council Defendants have properly pled the elements of a state law civil conspiracy, and the Commonwealth Defendants' motion to dismiss this claim will be denied.

### B.  Sovereign Immunity

The Commonwealth Defendants next argue that sovereign immunity precludes liability on the Council Defendants' state law civil conspiracy claim.  Commonwealth employees, such as the Commonwealth Defendants, enjoy immunity from most state law claims.[2]  <u>Brautigam v. Fraley</u>, 684 F. Supp. 2d

---

[2] Specifically the law provides:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials

9

589, 593 (M.D. Pa. 2010); La Frankie v. Miklich, 618 A.2d 1145, 1148 (Pa. Commw. Ct.1992). Sovereign immunity "applies to Commonwealth employees in both their official and individual capacities." Larson v. State Emps.' Ret. Sys., 553 F. Supp. 2d 403, 420 (M.D. Pa. 2008) (citing Maute v. Frank, 657 A.2d 985, 986 (Pa. Super. Ct. 1995)).

Sovereign immunity shields Commonwealth employees from liability when their actions: (1) cannot fit into one of the nine statutory sovereign immunity exceptions; (2) are not negligent; and (3) occur within the scope of their employment. La Frankie, 618 A.2d at 1149. In the instant case, the determinative factor is the third, whether the Commonwealth Defendants' alleged actions occurred within the scope of their employment. The Third Circuit Court of Appeals has indicated that under Pennsylvania law, "conduct is within the scope of employment where: (a) it is the kind [the employee] is

---

and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 PA. CONS. STAT. ANN. § 2310.

employed to perform; (b) it occurs substantially within the authorized time and space limits [and] (c) it is actuated, at least in part, by purpose to serve the master . . . ." Brumfield v. Sanders, 232 F.3d 376, 380 (3d Cir. 2000) (quoting RESTATEMENT (SECOND) OF AGENCY § 236 (1958)).

It is without question that the state law civil conspiracy that is the basis of the Council Defendants' third-party complaint is not within the scope of the Commonwealth Defendants' employment. It is not the sort of conduct they are employed to perform, and it is not actuated in any way to serve the Commonwealth. Thus, sovereign immunity does not shield the Commonwealth Defendants, and the sovereign immunity arguments raised in the motion to dismiss will be denied.

**Conclusion**

For the reasons stated above, the Commonwealth Defendants' motion to dismiss the Council Defendants' third-party complaint will be denied. An appropriate order follows.