# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLYTHE TOWNSHIP and FKV, LLC,<br>　　　Plaintiffs | 3:13cv237 |
| | (Judge Munley) |
| 　　v. | |
| JAMES LARISH, MICHAEL<br>PETROZINO, TOM BRENNAN, JOHN<br>BURKE, VALERIA DAVIS, WILLIAM<br>DEMPSEY and JOHN<br>HOUSEKNECHT,<br>　　　Defendants/<br>　　　Third-Party Plaintiffs | |
| 　　v. | |
| JOHN DOE, UNKNOWN<br>REPRESENTATIVES OR OFFICIALS<br>OF THE COMMONWEALTH OF<br>PENNSYLVANIA, DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION,<br>　　　Third-Party Defendants | |

## MEMORANDUM

Before the court is plaintiffs' civil rights complaint. For the following reasons, the court will *sua sponte* dismiss the case due to ripeness.

**Background**

The instant civil rights action arose from Plaintiff Blythe Township and FKV, LLC's (collectively "plaintiffs") attempt to open and operate the Blythe Township Recycling and Demolition Site (hereinafter "BRADS"). (Doc. 1,

Compl. (hereinafter "Compl.") ¶ 12). Plaintiffs allege that Defendants James Larish, Michael Petrozino, Tom Brennan, John Burke, Valeria Davis, William Dempsey and John Houseknecht's (collectively "Council Defendants"), individually and as members of the St. Clair Borough Council, violated plaintiffs' due process rights in contravention of the Fourteenth Amendment and interfered with their ability to contract. (Compl. ¶¶ 78-477).

Plaintiffs allege that representatives or officials of the Commonwealth of Pennsylvania, Department of Environmental Protection (hereinafter "Commonwealth Defendants") initially approved plaintiffs' environmental assessment permit. (Id. ¶ 42). The Commonwealth Defendants, however, never informed plaintiffs of their approval. (Id.) Rather, the Council Defendants held secret meetings with a federally elected official to reverse the Commonwealth Defendants' initial decision approving plaintiffs' environmental assessment permit. (Id. ¶¶ 41-45). Moreover, the Council Defendants and Commonwealth Defendants conspired to create a hostile meeting location for public comments pertaining to plaintiffs' environmental assessment permit. (Id. ¶¶ 32-40). As a result of these actions, the Commonwealth Defendants reversed their initial approval of plaintiffs' environmental assessment permit for BRADS, which required plaintiffs to

appeal to the Commonwealth of Pennsylvania Environmental Hearing Board. (Id. ¶¶ 45, 48).

In response, plaintiffs filed a thirty-two (32) count complaint pursuant to 42 U.S.C. § 1983 (hereinafter "section 1983"). Sixteen (16) counts allege that the Council Defendants deprived plaintiffs of due process in violation of the Fourteenth Amendment. The remaining sixteen (16) counts aver state law tortious interference with contract and prospective contract claims against the Council Defendants.

The Council Defendants answered the complaint on March 4, 2013 (Doc. 5) and filed a third-party complaint against John Does, unknown representatives or officials of the Commonwealth of Pennsylvania, Department of Environmental Protection (hereinafter "Commonwealth Defendants") on March 18, 2013 (Doc. 7). The Council Defendants allege that Commonwealth Defendants, in their individual capacity, conspired with the Council Defendants to violate plaintiffs' constitutional rights. (Doc. 14, Am. Third-Party Compl. (hereinafter "Am. Third-Party Compl.") ¶¶ 2, 9-19). The court denied the Commonwealth Defendants' motion to dismiss the third-party complaint on October 10, 2013. (See Doc. 19, Mem. & Order dated Oct. 10, 2013).

**Jurisdiction**

Plaintiffs' original civil rights complaint invokes the court's federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief). The court has supplemental jurisdiction over the third-party complaint pursuant to 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Discussion**

The court finds that the instant action is not ripe. The ripeness doctrine determines whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine. U.S. CONST. art. III, §§ 1-2; Pittsburgh Mack Sales & Serv. v. Int'l Union of Operating Eng'rs,

Local Union N. 66, 580 F.3d 185, 190 (3d Cir. 2009).[1]

The Supreme Court stated the purpose and effect of the ripeness doctrine in the context of interfering with an administrative process in Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967):

> [T]o prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

see also Blanchette v. Con. Gen. Ins. Corps., 419 U.S. 102, 138 (1974) (stating that courts must exercise judicial restraint from deciding unnecessary constitutional issues). The Third Circuit Court of Appeals has recognized that courts are required to raise the issue *sua sponte*. Felmeister v. Office of Att'y Ethics, a Div. of the N.J. Admin. Office of the Courts, 856 F.2d 529, 535 (3d Cir. 1988); Nextel Commc'n of Mid-Atl., Inc. v. City of Margate, 305 F.3d 188, 192 (3d Cir. 2002).

In determining whether a case is ripe, courts generally examine "(1) 'the

---

[1] In some circumstances the ripeness requirement is drawn from Article III limitations on judicial power and in others from prudential limitations. See Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733 n.7 (1997); see also Phila. Fed'n of Teachers v. Ridge, 150 F.3d, 319, 323 n.3 (3d Cir. 1998) (noting ambiguity over whether ripeness is a prudential limitation on federal jurisdiction or is required by the case-or-controversy requirement of Article III of United States Constitution).

fitness of the issues for judicial decision,' and (2) 'the hardship to the parties of withholding court consideration.'" Surrick v. Killion, 449 F.3d 520, 527 (3d Cir. 2006) (quoting Abbott Labs., 387 U.S. at 149).  The Third Circuit Court of Appeals has stated that a court's assessment of fitness includes, "whether the claim involves uncertain and contingent events that may not occur as anticipated or at all; the extent to which a claim is bound up in the facts; and whether the parties to the action are sufficiently adverse." Ridge, 150 F.3d at 323.  "The second prong focuses on the hardship that may be entailed in denying judicial review, and the determination whether any such hardship is cognizable turns on whether the challenged action creates a direct and immediate dilemma for the parties . . . ." Id.

Here, plaintiffs bring their Fourteenth Amendment claims against the defendants pursuant to section 1983.  Section 1983 does not, by its own terms, create substantive rights.  Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to establish a claim under section 1983, two criteria must be met. First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id. After careful consideration, the court finds that the issue of whether the Council Defendants deprived plaintiffs of a constitutionally protected right is not ripe.

In the instant action, plaintiffs assert that the Council Defendants "deprived the plaintiff[s] of [their] property right in the permit and operation of BRADS." (Compl. ¶¶ 79, 113, 130, 147, 164, 181, 198, 215, 232, 249, 266, 283, 300, 317, 334). Additionally, plaintiffs allege that the Council Defendants "had the obligation to provide plaintiff[s] with due process and failed to provide fair hearing and opportunity." (Compl. ¶¶ 89, 106, 123, 140, 157, 174, 191, 208, 225, 242, 259, 276, 293, 310, 327, 344).

The court, however, takes judicial notice of the parties' pending appeal before the Commonwealth of Pennsylvania's Environmental Hearing Board

(hereinafter the "Board").[2]  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted) (stating that in evaluating the sufficiency of a complaint, the court may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.).

The sole issue before the Board is whether or not the Commonwealth Defendants' approval of the BRADS permit should be upheld.  A review of the docket in the Board appeal reveals that the Honorable Bernard A. Labuskes, Jr. heard four (4) days of testimony in September 2013.  (See Docket Nos. 68-70, in EHB docket No. 2012-148-L).  Subsequent to the hearings, Judge Labuskes issued an order allowing the parties to file post-hearing briefs.[3]  (Id. at doc. 72).

As previously stated, the fitness of the issues for judicial decision pertains to "whether plaintiffs' claim involves uncertain and contingent events that may not occur as anticipated or at all; the extent to which a claim is

---

[2] The Environmental Hearing Board appeal is docketed to No. 2012-148-L.  See ENVIRONMENTAL HEARING BOARD DOCKET, http://ehb.courtapps.com/public/commonsearch_ehb.php (last accessed Nov. 25, 2013).

[3]  The Council Defendants filed their post-hearing brief on November 12, 2013.  (Id. at doc. 73).  The plaintiffs and Commonwealth Defendants post-hearing briefs are due on or before December 21, 2013.  (Id. at doc. 72).

bound up in the facts; and whether the parties to the action are sufficiently adverse." Ridge, 150 F.3d at 323.  Here, Judge Labuskes has not made a ruling on the underlying Board appeal.  Judge Labuskes may deny the Council Defendants' appeal and approve plaintiffs' BRADS permit.  Such a result would render moot plaintiffs' due process claims.  Thus, the fitness of the legal issues weighs in favor of finding the matter not ripe.

Moreover, the hardship to the parties of withholding court consideration weighs in favor of finding the matter not ripe for two reasons.  First, the court's dismissal of plaintiffs' complaint does not create a direct and immediate dilemma for the parties because the matter is currently pending before the Environmental Hearing Board.  Second, plaintiffs maintain the right to bring a subsequent civil rights action in the event their BRADS permit is disapproved.  Thus, an examination of both factors indicates that the instant matter is not ripe.  Because plaintiffs' federal cause of action is not ripe, it will be dismissed.

Where litigation is in its early stages and the complaint asserts federal question jurisdiction, the district court has "a powerful reason not to continue to exercise [supplemental] jurisdiction" when the federal cause(s) of action in the case are dismissed.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351

(1988). Thus, the court declines to exercise supplemental jurisdiction over plaintiffs' state law claims. See 28 U.S.C. § 1367(c)(3).

**Conclusion**

For the reasons stated above, the court finds that plaintiffs' civil rights claim is not ripe. Therefore, the court will dismiss plaintiffs' complaint and decline to exercise jurisdiction over plaintiffs' state law claims. An appropriate order follows.


**Date:   11/25/13**                 **s/ James . Munley**
                                                 **JUDGE JAMES M. MUNLEY**
                                                 **United States District Court**